# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**UNITED STATES OF AMERICA,**

**vs.**
                                5:89cr5014-WS
                                5:05cv97-WS/WCS

**IVORY JOE PRUITT,**

    Defendant.

    _____/

## REPORT AND RECOMMENDATION ON MOTIONS

    This cause is before the court on Defendant's motion for the court to take judicial notice of adjudicated facts, and motion to correct clerical mistakes in judgment pursuant to Fed.R.Crim.P. 36. Docs. 127 and 128. This Defendant previously filed a 28 U.S.C. § 2255 motion which was denied with prejudice. Docs. 75, 98, and 100. Denial of relief was affirmed. Doc. 126 (finding that untimely amended § 2255 claims did not relate back to timely claims, and initial claims were without arguable merit).

    Defendant now asserts actual innocence and jurisdictional error. Doc. 127, pp. 3-8. Specifically, he asserts four jurisdictional errors: in his sentencing enhancement under U.S.S.G. § 4B1.1; in application of the version of the United States Sentencing Guidelines in effect at the time of sentencing rather than the time of the offense (in

violation of the Ex Post Facto Clause); in enhancing his sentence despite the Government's failure to file a timely notice under 21 U.S.C. § 851; and in sentencing Defendant based on crack cocaine when there was no evidence that the substance was crack cocaine.  Doc. 128, pp. 1-21.  Defendant asserts actual and factual innocence as to involvement with crack cocaine and career offender sentencing status.  *Id.*, pp. 22-33.  Defendant also asserts constructive denial of the assistance of counsel at sentencing.  *Id.*, pp. 33-44.

Defendant has not identified any "clerical error" in the record or "error in the record arising from oversight or omission" under Fed.R.Crim.P. 36.  Defendant's claims arise under 28 U.S.C. § 2255, which provides a remedy to "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."  § 2255.  The court should construe the current documents as an attempt to file a second or successive motion under § 2255.  *See* <u>Gonzalez v. Secretary for Dept. Of Corrections</u>, 366 F.3d 1253, 1277, n. 10 (11th Cir. 2004), *pet. for cert. granted in part*, __ U.S. __, 125 S.Ct. 961; *cert. denied*, __ U.S. __, 125 S.Ct. 965 (2005) (limitations on recharacterizing document as a first § 2255 motion do not extend beyond initial filings, or allow movant to evade the restrictions on second or successive motions).  In <u>Gonzalez</u>, the court found that a Fed.R.Civ.P. 60 motion will be treated as such, rather than an unauthorized second or successive § 2255 motion,

*only* if based on claim of clerical error in the § 2255 judgment itself, or claim of fraud on the court which led to the denial of § 2255 relief. 366 F.3d at 1278 (footnote and citations omitted). Defendant does not identify any errors in the prior § 2255 judgment.

This court may not consider a second or successive motion absent authorization from the court of appeals. § 2255 (referencing § 2244); § 2255 Rule 9 (party must obtain authorization from court of appeals before presenting a second or successive motion).

It is therefore respectfully **RECOMMENDED** that Defendant's motion for the court to take judicial notice of adjudicated facts (doc. 127) and motion to correct clerical mistakes in judgment pursuant to Fed.R.Crim.P. 36 (doc. 128) be **DISMISSED**, as leave for filing a second or successive § 2255 motion has not been authorized by the court of appeals.

**IN CHAMBERS** at Tallahassee, Florida, on May 9, 2005.

> s/    William C. Sherrill, Jr.
> **WILLIAM C. SHERRILL, JR.**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case Nos. 5:89cr5014-WS and 5:05cv97-WS/WCS