IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**UNITED STATES OF AMERICA,**

                                                                          **5:89cr5014-WS**

**vs.**

**IVORY JOE PRUITT,**

     **Defendant.**

     _____/

## REPORT AND RECOMMENDATION ON MOTIONS

     This cause is before the court on Defendant's actual innocence motion to void a complete miscarriage of justice and memorandum in support. Docs. 133 and 134. Defendant claims that relief is available under the All Writs Act, 28 U.S.C. § 1651, and under 28 U.S.C. §§ 2241 and 2243. Defendant also filed a motion for judicial notice of his void for vagueness challenge to the absence of the term crack or crack cocaine in 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). Doc. 135. Finally, he filed a motion to entertain and hear the jurisdictional void for vagueness question as to § 841. Doc. 136.

     Defendant Pruitt previously filed a 28 U.S.C. § 2255 motion which was denied with prejudice. Docs. 75, 98, and 100. Denial of relief was affirmed. Doc. 126. He later filed a motion for the court to take judicial notice of adjudicated facts and motion to

correct clerical mistakes in judgment pursuant to Fed.R.Crim.P. 36.  Docs. 127 and 128.  He asserted jurisdictional errors and actual factual innocence, as well as denial of assistance of counsel at sentencing.  Doc. 129 (report and recommendation), pp. 1-2.  His motions were deemed attempts to file a second or successive § 2255 motion, and summarily dismissed as authorization for filing a second or successive § 2255 motion had not been granted by the court of appeals.  Docs. 129, 131 and 132 (recommendation as adopted by the court and judgment entered on the docket on June 3, 2005).  Defendant did not take an appeal.

For the reasons stated as to the prior motions, the court should treat Defendant's current motions as attempting to obtain § 2255 relief, and this court is without jurisdiction absent authorization of the court of appeals for filing a second or successive § 2255 motion.  § 2255; § 2255 Rule 9; doc. 129 (incorporated by reference).

Defendant asserts a miscarriage of justice and actual innocence, which may be construed as attempting to either avoid a procedural bar or proceed by petition for writ of habeas corpus.  A procedural bar (requiring a showing of cause and prejudice or a miscarriage of justice, *i.e.*, actual innocence[1]) is irrelevant if the claim cannot be considered at all.  Petitioner may not raise his claims in habeas "unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention."  § 2255; Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (discussing

---

[1] *See, e.g.*, Bousley v. United States, 523 U.S. 614, 622, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998) ("[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent,'" citations omitted).

this "savings clause" language of § 2255).[2]  Whether or not Petitioner could proceed under the savings clause, this court lacks jurisdiction as he is incarcerated at FCI Edgefield, in South Carolina.  See Rumsfeld v. Padilla, 542 U.S. 426, __,124 S.Ct. 2711, 2722, 159 L.Ed.2d 513 (2004) (courts are limited by § 2241(a) to granting habeas relief "within their respective jurisdictions," the traditional rule is that the writ is "issuable only in the district of confinement.") (citations omitted).  See also Lee v. Wetzel, 244 F.3d 370, 373-374 and n. 3 (5th Cir. 2001) (sentencing court does not have jurisdiction to consider the merits of a § 2241 petition brought under the savings clause, unless the petitioner or his custodian is also located in the district of sentencing).

Defendant's reference to the All Writs Act is similarly unavailing.  See Carlisle v. United States, 517 U.S. 416, 428, 116 S.Ct. 1460, 1467-68, 134 L.Ed.2d 613 (1996) (noting that the Act "is a residual source of authority to issue writs that are not otherwise covered by statute;" in light of the Federal Criminal Rules, "it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis ] would be necessary or appropriate.") (citations omitted).  See also Alikhani v. United States, 200 F.3d 732, 734 (11th Cir.), cert. denied, 531 U.S. 929 (2000) (coram nobis "is appropriate only when there is *and was* no other available avenue of relief.") (emphasis added); United States v. Holt, 417 F.3d 1172, 1174-75 (11th Cir. 2005) (discussing the All Writs

---

[2] Only *after* it is determined that the claim may proceed under the savings clause is actual innocence relevant.  Wofford, 177 F.3d at 144, n. 3 ("[o]nce the savings clause of § 2255 applies to open the portal to a § 2241 proceeding, the proper inquiry in that § 2241 proceeding will be whether the petitioner can establish actual innocence" under Bousley, cited supra n. 1); Sawyer v. Holder, 326 F.3d 1363, 1366 (11th Cir.), cert. denied, 540 U.S. 900 (2003) (even if petitioner could invoke the savings clause, "he would still need to demonstrate cause and prejudice or actual innocence to be entitled to habeas relief," citing Bousley).

Act, holding "that a writ of *audita querela* may not be granted when relief is cognizable under § 2255;" because the prisoner there was attacking his sentence § 2255 was proper avenue of relief, and the district court had no jurisdiction to consider a second or successive motion absent authorization for filing).

It is therefore respectfully **RECOMMENDED** that Defendant's actual innocence motion to void a complete miscarriage of justice (doc. 133), motion for judicial notice of void for vagueness challenge (doc. 135), and motion to entertain and hear the jurisdictional void for vagueness question (doc. 136) be **SUMMARILY DISMISSED**, as leave for filing a second or successive § 2255 motion has not been granted by the court of appeals.

**IN CHAMBERS** at Tallahassee, Florida, on September 7, 2006.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**